

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00186-CR

_____

LARRY DARNELL TAVE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47,349-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Larry Darnell Tave pled guilty to and was convicted of driving while intoxicated (DWI), third or more. After hearing Tave's testimony, the trial court sentenced him to twelve years' imprisonment. Tave appeals.

Tave's attorney on appeal has filed a brief, which states that she has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the trial court's proceedings and summarizes the evidence elicited during the course of those proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided to Tave a copy of the brief, the motion to withdraw, and a motion for pro se access to the record, which was filed by Tave and granted by this Court. Tave has filed a pro se response arguing that (1) he never received a copy of the two prior DWI's which were specifically alleged in the State's indictment, (2) he had not viewed the form or substance of the indictment prior to his plea, (3) he was not advised that any defects in the indictment had to be raised before trial, (4) the clerk's record does not contain a copy of the waiver of arraignment, (5) the State should have made another plea offer, (6) he did not understand that his driver's license

2

would be suspended despite the trial court's admonishment and his assurance to the trial court that he understood it, (7) he was mentally incompetent at the time of his plea, (8) voices told him "to drink what was there" on the date of the offense, and (9) he did not see the laboratory report establishing his blood alcohol concentration.

We have independently reviewed the entire appellate record, as well as Tave's pro se response, and find that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. denied) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, non-reversible error is found in the trial court's judgment.

In the space where the trial court would typically memorialize an assessment of attorney fees, the judgment contains the letters "TBD." It is reasonable to assume those letters indicate that the amount of attorney fees assessed against Tave will be determined at some later time. The record indicates that Tave was indigent at trial and that he remains so on appeal. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2018); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). An assessment of attorney fees against an indigent defendant that leaves the actual amount of the assessment to be determined at some point in the future is improper. Article 26.05(g) of the Texas Code of Criminal Procedure "requires a present

3

determination of financial resources and does not allow speculation about possible future resources." *Cates*, 402 S.W.3d at 252.

We modify the trial court's judgment by deleting the letters "TBD" and substituting an assessment of $0.00 for attorney fees. We affirm the trial court's judgment, as modified.[1]

Ralph K. Burgess
Justice

Date Submitted:     April 5, 2019
Date Decided:       April 8, 2019

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.